UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE – PREFILING ORDER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN K. DELANEY, et al.,<br><br>Defendants. | No. 2:19-cv-1634 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). His complaint has been lodged but not filed.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below the court shall preclude plaintiff from filing the instant complaint on the grounds that: (1) plaintiff has been previously identified as a vexatious litigant, and (2) plaintiff has failed to provide the prerequisite certification that his vexatious litigant status

---

[1] As discussed, infra, plaintiff has been deemed a vexatious litigant. As a result, pleadings brought by plaintiff are not to be filed. Instead, they are simply to be lodged in order to verify the existence of any prerequisite certification. See generally Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989). Thereafter, presuming in forma pauperis status is granted, such pleadings are also to be reviewed by the court for frivolity or maliciousness. See 28 U.S.C. § 1915(e)(2)(B). Such findings will foreclose the filing of a complaint.

1

requires. Instead, plaintiff shall be ordered to show cause why this matter should not be dismissed for failure to file the required certifications.

## I.   RELEVANT HISTORY

In 1988, plaintiff was declared a vexatious litigant by District Court Judge Lawrence K. Karlton.[2] See generally In re Magee, No. 2:87-cv-0382 LKK (E.D. Cal. Oct. 12, 1988) ("Magee") (prefiling order dated September 6, 1988).[3] Under California law, a vexatious litigant is a pro se litigant who "has lost at least five pro se lawsuits in the preceding seven years, sued the same defendants for the same wrongs after losing, repeatedly filed meritless papers or used frivolous tactical devices, or who has already been declared a vexatious litigant for similar reasons." Wolfe v. George, 486 F.3d 1120, 1124-25 n.7 (9th Cir. 2007); Cal. Code Civ. Proc. §§ 391 et seq.

At the time the court declared plaintiff a vexatious litigant, citing to Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989), it stated the following:

> It is this court's view that an order permitting [plaintiff] to file any petitions without their first being examined for nonfrivolity, in light of his conduct, would be inadequate to protect the court from abuse. Nonetheless, the court is sensitive to the need to provide this prisoner with a forum should he have a nonfrivolous claim. To balance the competing interests pertinent hereto, IT IS HEREBY ORDERED that the Clerk of the Court shall not file any further in forma pauperis complaints or petitions brought by [plaintiff]. Such complaints or petitions shall be lodged with the Clerk and considered by any judge of the Eastern District in accordance with Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984). The petitioner shall certify that any new petition presents new claims never before raised and disposed of on the merits by any federal court; upon failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

Magee, (prefiling order dated September 6, 1988) (brackets added) (citations omitted).

---

[2] Judge Karlton is now deceased.
[3] This matter is not accessible for viewing on CM/ECF. Despite this fact, the court has reviewed a .pdf version of the September 1988 prefiling order issued in Magee. The court shall direct the Clerk of Court to send plaintiff a copy of the order.

## II. DISCUSSION

The court notes for the record that the prefiling order issued in <u>Magee</u> has not been vacated. Moreover, a review of plaintiff's lodged complaint indicates that plaintiff has failed to certify that the pleading presents new claims that have never been raised and disposed of on the merits by any federal court. <u>See</u> <u>generally</u> ECF No. 1. Therefore, plaintiff shall be ordered to show cause why this matter should not be dismissed for failure to file the prerequisite certification identified in the court's September 1988 order issued in <u>Magee</u>.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send plaintiff of a copy of the prefiling order issued by District Court Judge Lawrence K. Karlton on September 6, 1988, and

2. Within thirty days of the date of this order, plaintiff shall show cause why this matter should not be dismissed for failure to file the prerequisite certification identified in the September 1988 order.

Plaintiff is warned that failure to timely respond to this order may result in a recommendation that this action be dismissed.

Dated: May 11, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/mage1634.vexlit.CCCP391

---

[4] As an aside, the court notes for the record that in 2009, plaintiff was also determined to be a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). <u>See</u> <u>Magee v. Coyle</u>, No. 1:07-cv-1766 OWW WMW (E.D. Cal. Feb. 17, 2009) ("<u>Coyle</u>") (<u>Coyle</u>, ECF Nos. 26, 27, 30, 31).