UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE PREFILING ORDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN K. DELANEY, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1634 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated below, the undersigned shall recommend that this matter be dismissed with prejudice for failure to obey court orders.

　　　　In 1988, plaintiff was declared a vexatious litigant by District Court Judge Lawrence K. Karlton.[1] See generally In re Magee, No. 2:87-cv-0382 LKK (E.D. Cal. Oct. 12, 1988) ("Magee") (prefiling order dated September 6, 1988).[2] As a result, any future pleadings plaintiff presented to the court were to be lodged instead of filed and were to be accompanied by

---

[1] Judge Karlton is now deceased.

[2] This matter is not accessible for viewing on CM/ECF. Despite this fact, the court has reviewed a .pdf version of the September 1988 prefiling order issued in Magee.

1  plaintiff's certification that the claims presented therein had never been raised and disposed of on
2  the merits by any federal court.  See Magee, (prefiling order dated September 6, 1988); see
3  generally Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984), abrogated on other grounds
4  by Neitzke v. Williams, 490 U.S. 319 (1989).

5  In compliance with the Magee order, on August 22, 2019, the Clerk of Court lodged the
6  instant complaint instead of filing it.  (See ECF No. 1).  Plaintiff, however, failed to provide the
7  required certification with the lodged complaint.  As a result, on May 12, 2020, the undersigned
8  ordered plaintiff to show cause why this matter should not be dismissed for failure to file the
9  prerequisite certification.  (See ECF No. 2).  Plaintiff was given thirty days within which to do so.
10 (See id. at 3).  At that time, plaintiff was also warned that his failure to timely respond to the
11 court's order might result in a recommendation that this action be dismissed.  (See id. at 3).

12 On May 22, 2020, plaintiff filed a "demand stay pending litigations against double
13 jeopardy prosecution."  (ECF No. 3).  The three-page document is incomprehensible and is
14 unresponsive to the court's order.  It concludes: "Since this Court jurisdiction is challenged in the
15 case of acquittal vs- Prefiling Orders or fraud committed on the Court by corrupted judges, this
16 matter in case No. 2:19-1634DBP will be stayed pending action in case No. 2070835, Supra."
17 (See id.) (errors in original).

18 The undersigned finds that plaintiff's May 22, 2020, filing is a failure to show cause why
19 this action should not be dismissed for failure to file the prerequisite certification.  Consequently,
20 it shall be recommended that this action be dismissed for failure to comply with the court's
21 orders.

22 Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
23 District Court Judge to this action.

24 IT IS FURTHER RECOMMENDED that:
25 1.  This action remain LODGED, NOT FILED, and
26 2.  This action be DISMISSED with prejudice for failure to comply with:  (a) the court's
27 prefiling order issued September 6, 1988, and (b) the court's order to show cause issued May 12,
28 2020.  See Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 30, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/mage1634.vexlit.osc.of&r